## Schiavo v. Caplo (No. 2)

*Anthony J. Ciotola* and *Cletus M. Lyman*, for plaintiff.

*Henry Thalenfeld*, for defendants.

PINOLA, J., October 1, 1955.—This matter is before the court on preliminary objections to the answer,

new matter and counterclaim filed by defendants to plaintiff's complaint.

The complaint alleges that for part of the year 1950 and prior thereto, plaintiff and one of defendants, Dominick Caplo, as copartner, conducted a private trade school under the name of Central Cabinet Making School in the City of Hazleton. On May 18, 1950, the school was incorporated and each partner took a half interest in the corporation, represented by 25 shares registered in the name of each. The two, together with Anthony Caplo, another of defendants, who was administrator of the school, constituted the board of directors. The other defendants, James Caplo and Daniel Caplo, were employes.

Sometime prior to July, 1951, the school became involved in difficulties with the Veterans Administration and by reason thereof the State Department of Public Instruction questioned the fitness of plaintiff and defendant, Dominick Caplo, to conduct the school and refused to renew the school's license for the school year 1951-1952. It is alleged that at this point, on or prior to July 9, 1951, Dominick Caplo, for himself and as agent of the corporation and the remaining defendants, who desired the continued operation of the school and their employment, discussed with plaintiff the desire of his three brothers and proposed that, in view of their own inability to continue operating the school, he, Dominick Caplo, and plaintiff turn over the corporation to the three brothers of defendant, Dominick Caplo, and that he and plaintiff withdraw. It was finally agreed by and between plaintiff and Dominick Caplo, for himself and as agent for his brothers, that both withdraw from the corporation, and, in short, that one half of the assets, credits and receivables of the corporation then accrued would be held and treated as belonging to plaintiff and paid over and accounted for as they were received or liqui-

dated. Accordingly, plaintiff and defendant, Dominick Caplo, disassociated themselves from the corporation by endorsing their stock certificates in blank and resigning their respective offices. The 50 shares of stock were distributed among James Caplo, Anthony Caplo and Daniel Caplo, whereupon the license was renewed by the Department of Public Instruction and by arrangement with the Veterans Administration a trustee was appointed to conduct the operation of the school.

The complaint alleges that at the time the agreement was reached, the corporation was owed the sum of $38,000 by the Veterans Administration for tuition and materials furnished for the period from March 1, 1950, to November 30, 1950, and that on or about July 1, 1954, the Veterans Administration paid $25,267.73 in full settlement of that account. That sum, together with others derived from payments made by the trustee for materials bought from the corporation upon entering his duties and paid over upon his discharge, in large measure constitute the corpus of which defendants are asked to give an account.

Defendants filed an answer containing new matter and a counterclaim by defendant, Dominick Caplo, and one by defendant corporation.

Plaintiff's first preliminary objection is as follows:

"1. (By way of motion to strike off.) The mention and specification of indictments, convictions and sentences in paragraphs Nos. 38, 39, 40, 41, 42, 43 and 44 of the Answer under 'New Matter', and the references thereto contained therein, are immaterial, incompetent, irrelevant, and impertinent, inadmissible in evidence and not matters properly in issue in any manner in the above-entitled action; and are in violation of Pa. R. C. P., Rule No. 1019 (a), providing for the pleading only of material facts and objectionable under Pa. R. C. P., Rule No. 1017 (b) (2), providing

for preliminary objection (in the nature of motion to strike off) because of impertinent matter."

Although defendants coupled their denial of the essential allegations of the complaint with references to indictments and convictions had in Federal court, plaintiff objects only to their specification under the heading of "New Matter" and in the counterclaim. Defendants set up under the heading "New Matter" the defense of illegality of the agreement, and in aid thereof recite a history of indictments for false and fraudulent statements made in connection with the operation of not only the trade school with which we are here concerned, but also in connection with the operation of the Freeland School of Woodworking, a matter totally unrelated to the issue in this case.

Defendants contend that the reference to the indictment and conviction of plaintiff for false and fraudulent statements made in connection with the operation of the Central Cabinet Making School are necessary to sustain the affirmative defense of illegality which they have properly set forth under new matter.

Of course, defendants are entitled to set forth any defense they may have, but in doing so, they "must plead the facts on which it is based. It is not sufficient to aver that the claim is barred by 'bankruptcy' or 'illegality' ": 2 Anderson Pa. Civ. Pract. 453. Moreover, under Pa. R. C. P. 1017 (b) (2), a pleading is subject to preliminary objection and may be stricken because of lack of conformity to law or rule of court, or because of scandalous or impertinent matter.

Impertinence in a pleading has been variously defined, but the test appears to be one of relevancy to the issue before the court. See 2 Anderson Pa. Civ. Pract. 326 and notes. Here defendants contend that plaintiff has brought his action upon an illegal agreement and endeavor to prove its illegality by a recital of events leading to a refusal of the pertinent governmental

agencies to deal further with plaintiff and defendant, Dominick Caplo.

Plaintiff's motion does not require us to examine and determine the validity of the defense offered and our only concern is whether or not the facts pleaded in support of it are relevant to the issue it presents. In that respect, while we believe the defense of illegality might not have required such detailed information, we cannot categorically hold the facts averred to be wholly irrelevant.

The issue presented by the defense interposed is whether the agreement alleged in plaintiff's complaint is illegal because contrary to public policy or statute or because it is in fraud of the rights of the U. S. Government or the Commonwelath of Pennsylvania. It is admitted that some difficulties were encountered with the governmental agencies and the allegation is that the difficulties gave rise to the refusal to renew the license of the school. Under the circumstances, we cannot, at this point, rule out the reference to indictments and convictions for they may very well be pertinent to the decision of the governmental agency not to renew the license.

Accordingly, we sustain plaintiff's first preliminary objection only insofar as the reference to the Freeland School is concerned.

Plaintiff's second objection reads as follows:

"2. (By way of demurrer.) The allegations or paragraphs Nos. 52, 53 and 54 of the Counterclaim of Defendant Dominick Caplo, relating to a partnership formerly existing between the plaintiff and the defendant Dominick Caplo and claims allegedly of defendant Dominick Caplo arising out of partnership matters are improperly, irregularly and illegally contained in the Answer and insufficient in law, because the said partnership is not a party to the above-entitled action, nor its affairs adjudicable in the above-entitled action,

nor the claims or demands of the respective partners adjudicable in the above-entitled action; and further because accounting as between the partners is the proper legal remedy and not demand for specific sums allegedly owed by one partner to the other, arising out of partnership affairs."

The objection attacks the counterclaim of Dominick Caplo, who seeks to recover one half the value of checks fraudulently drawn and converted by plaintiff during the period when they were associated as partners prior to the incorporation of their school. By his complaint, plaintiff seeks an accounting of funds due him under the agreement recited in his complaint. Dominick Caplo cannot here counterclaim unless his claim arises from the same transaction or series of transactions: Pa. R. C. P. 1510.

Plaintiff and Dominick Caplo initiated the operation of the trade school as partners. Shortly thereafter the partnership was converted into a corporation with the erstwhile partners each owning a one-half interest in the corporation, they being the only shareholders. While the corporation assumed an identity of its own, the ownership of the school underwent only a change of form. If we accept the agreement as alleged by plaintiff, at the time of the sale of the shares each of them held, they then fixed their respective interest and provided a means for their liquidation. If, prior to that date, one of the parties had so conducted himself in operation of the business as to give rise to a claim in the other, the conclusion must be that defendant's counterclaim arose out of the same transaction or series of transactions.

However, an obstacle must be overcome before the counterclaim can be allowed. In Dickerson v. Dickersons Overseas Co., 369 Pa. 244, 249, it is said:

"In 47 Am. Jur., Setoff and Counterclaim, §48, the law is thus stated: *'The terms "setoff" and "counter-*

*claim" imply reciprocal demands existing between the same persons* at the same time, and it is a well-settled general rule that if a demand or claim is to be set off or counterclaimed in an action, *the setoff or counterclaim and the action must be between the same parties, and between them in the same capacity.* The setoff or counterclaim must be such a demand that the defendant, in his own name, or in the names of defendants sued, without bringing in the name of a stranger to the suit, may maintain an action of debt or indebitatus assumpsit on it, against the party, or all the parties suing, as the case may be. . . . The general rule is based on the well-known principle that a cause of action pleaded as on a right in favor of two or more persons jointly is not sustained by proof of a right in one of them.' "

Here it is evident that the action is not between the same parties in the same capacity and for that reason the counterclaim must fall.

Plaintiff's third preliminary objection is as follows:

"3. (By way of demurrer.) The claim of Defendant Dominick Caplo set forth in paragraph 55 of the Counterclaim of Defendant Dominick Caplo is unsustainable and insufficient in law, because it relates to expenditure for counsel fees made by Defendant Dominick Caplo arising out of his indictment by the United States of America, which is a matter solely between the Defendant Dominick Caplo and the United States of America for which plaintiff cannot be held accountable or liable, and is objectionable under Pa. R. C. P., Rule No. 1017 (*b*) (4) providing for preliminary objection to demurrable matter."

This objection must be sustained for the reasons assigned in connection with the second objection.

Accordingly, we enter the following

*Order*

1. Plaintiff's first objection is sustained insofar as

any reference is made to the Freeland School of Woodworking.

2. Plaintiff's second and third preliminary objections are sustained and the counterclaim of Dominick Caplo is dismissed without prejudice.

3. Defendants are required to file an amended answer within 30 days.